UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY ADAMS,<br><br>    Plaintiff,<br><br>v.<br><br>METRO FAIR HOUSING,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:20-cv-00568-JPB |

## ORDER

This case comes before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). The Court finds as follows:

Plaintiff Tony Adams was granted leave to proceed *in forma pauperis* in this action against Defendant Metro Fair Housing. Therefore, the Court must review the Complaint under 28 U.S.C. § 1915(e)(2) and dismiss the action if it determines that the Complaint is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. The frivolity review statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because

of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessary, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At a minimum, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*.

Here, the Complaint consists of only a list of words and phrases and is devoid of any allegations. It does not provide even the most basic facts to demonstrate that personal jurisdiction, subject matter jurisdiction and venue are proper in this Court. Nor does it show the grounds for relief. It is so threadbare that the Court is able to reproduce it in its entirety below:

>     Fraud Misappropriation of HUD Funding
>     Conspiracy to Defraud HUD
>     [F]alse Statements
>     Discrimination
>     Violations of American[s] With Disability [A]ct Reasonable Accom[m]odations
>     Threats
>     Intimidation
>     Co[ercion]
>     [Perjury] [F]alse Statement to Defraud Superior Court of Fulton County

      Familial Status
      Defamation of Character
      Eviction Case

While the Court recognizes its obligation to construe the Complaint liberally because Plaintiff is *pro se*, (*see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)), this policy does not convert the Court into *de facto* counsel for Plaintiff or allow the Court to rewrite Plaintiff's deficient pleadings. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). In the interests of justice (*see* Rule 15(a)(2)), however, the Court will permit Plaintiff an opportunity to amend his Complaint.

Plaintiff is hereby **DIRECTED** to file an amended complaint within *fourteen days* of the date of this Order. The amended pleading must include:

1. A description of the parties, including the factual basis for subject matter jurisdiction, personal jurisdiction and venue in this Court;

2. A background section stating the facts relevant to all claims, presented in individually numbered paragraphs;

3. A separate section for each cause of action that sets forth in individually numbered paragraphs the legal elements of the cause of action and the relevant facts showing an entitlement to relief for such cause of action; and

4. A summary of the relief sought.

The Court notes that these instructions do not supersede Plaintiff's obligation to comply with the requirements of any applicable Federal Rules of Civil Procedure, including Rules 8 and 10.

The Court additionally notes that a Suggestion of Death relating to Plaintiff was filed with the Court by his sister on October 13, 2020. Pursuant to Rule 25, this action may be dismissed if a motion for substitution of Plaintiff is not made within ninety days after service of the Suggestion of Death. The Court, however, has discretion to extend this period. *See Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1011 (11th Cir. 2017). Plaintiff is hereby further **DIRECTED** to file a motion for substitution or provide an update regarding substitution at the same time the amended complaint is filed.

Plaintiff is advised that failure to comply with this Order will result in dismissal of this action. The Clerk is **DIRECTED** to resubmit this matter at the expiration of fourteen days.

**SO ORDERED** this 27th day of January, 2021.

_____
J. P. BOULEE
United States District Judge